IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br><br>      v.<br><br>BETHLEN HOME OF THE HUNGARIAN REFORMED<br>FEDERAL OF AMERICA,<br>and AMANDA ATKINSON<br><br>                Defendants. | Civil Action No. |

## **COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Bethlen Home of the Hungarian Reformed Federal of America and Amanda Atkinson, (collectively, "Defendants") from violating the provisions of Sections 7,11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

      1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

      2.      Defendant, Bethlen Home of the Hungarian Reformed Federal of America ("Bethlen Communities") is, and at all times hereinafter referenced was, a corporation with a

place of business at 66 Carey School Road, Ligonier, PA 15658, which is within the venue and jurisdiction of this Court. The firm provides medical and skilled nursing services through short term and long term care.

3. Defendant, Amanda Atkinson is, and has been during some or all of the relevant time period hereinafter referenced, been Acting Executive Director and/or Director of Finance at Bethlen Homes. Defendant Atkinson does, and at all times hereinafter mentioned did, business in Ligonier, PA as she oversees the daily operation of the business located at 66 Carey School Road, Ligonier, PA 15658, which is within the venue and jurisdiction of this Court. Defendant Atkinson is actively involved in the day to day operations of the company, including, but not limited to setting the rates of pay and determining methods of compensation accordingly. Defendant Davis has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

4. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing of in home health care services and healthcare services, in furtherance of the business purposes of Defendants' unified business entity.

5. At all times relevant herein, certain employees employed by Defendant at two divisions - Bethlen Home Skilled Nursing and Rehabilitation Center and Ligonier Gardens Personal Care & Retirement Center - engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials, that have

been moved in or were produced for commerce. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section3(s)(1)(A) of the Act.

6. At all times relevant herein, certain employees employed by Defendants at Bethlen Home Health and Hospice division were employed by Defendants as home health workers. These home health workers work directly for the Defendants and not for the consumers for whom they are providing these home services. These home services are considered "domestic service" as defined in 29 C.F.R. § 552.3 because they are "services of a household nature," performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

7. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates.

8. From at least January 18, 2016, through at least January 8, 2018, Defendants employed individuals who provided medical and skilled nursing services. Many employees worked as many as 45 or more hours in a workweek.

9. In many workweeks from at least January 18, 2016, through at least January 8, 2018, certain employees received a variety of bonuses. These bonuses included, but were not limited to shift differential bonuses and work anniversary bonuses. These bonuses were promised to employees in advance of the work performed, and paid pursuant to prior contracts, agreements, and/or promises. The bonuses were included in the paychecks the employees

received from Bethlen Communities. However, Bethlen Communities did not include the bonuses when calculating any of the overtime premium due to employees for hours worked over 40 in a workweek.

10. Because Defendants did not include the various bonus amounts when calculating the regular rate upon which to base any overtime premium due, the affected employees did not receive, for hours worked in excess of 40 in a workweek, a rate of a least one and one half times the regular rate at which they were employed.

11. Defendants were advised that these bonuses should have been included in the regular rate when calculating overtime, but declined to follow that advice.

12. As a result of its knowing and reckless decision not to include non-discretionary bonuses when calculating the overtime premium due, Defendant has, in many workweeks from at least April 2016 through at least January 2018, repeatedly and willfully violated Sections 7 and 15(a)(2) of the Act, by employing certain of its employees employed at an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than those prescribed by Section 7 of the Act without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed.

13. As a result of the violations alleged in paragraph 12 above, amounts are owing for certain present and former employees including, but not limited to the persons specifically named in the Schedule A attached to Plaintiff's Complaint.

14. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R.

Part 516. For example, Defendants failed to make, keep, and preserve accurate records of all bonuses received, separate amounts paid for referral bonuses, and hourly rates paid to employees. 29 C.F.R. §§ 516.2(a)(1)-(4).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of January 18, 2016, through January 8, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after January 8, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and

prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam Welsh
Regional Counsel for Wage and Hour

*/s/ John Strawn*
John Strawn
Senior Trial Attorney
PA Bar No.: 49789

*/s/ Ryma Lewis*
Ryma Lewis
Trial Attorney
VA State Bar No.: 83322

Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
P: (202) 693-9369
F: (202) 693-9392
E: Lewis.Ryma@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Case 2:18-cv-00797-JFC-MPK   Document 1   Filed 06/18/18   Page 7 of 7